**Opinion filed December 9, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00070-CR & 11-09-00071-CR

_____

## STEPHEN DOUGLAS NICHOLS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause Nos. CR19688 & CR19773**

## M E M O R A N D U M   O P I N I O N

The jury convicted Stephen Douglas Nichols of sexual assault of a child[1] and of two counts of indecency with a child.[2] The jury assessed punishment at confinement for twenty years for each offense. We affirm.

In his sole issue in each case, appellant contends that the trial court erred when it allowed the victim, her mother, and her sister to testify at the punishment phase regarding what they each

---

[1]Cause No. 11-09-00070-CR.

[2]Cause No. 11-09-00071-CR.

felt the appropriate punishment for appellant would be. Appellant argues that their testimony was highly inflammatory and requests a new punishment hearing.

The record reflects that appellant was the victim's stepfather. The victim testified that, when she was sixteen, appellant pulled out a shot glass and began to play the drinking game "quarters" with her. She was not very good at the game, but appellant was. When she got up to go to bathroom, she fell. She eventually crawled to her bedroom. Appellant came in, rubbed and grabbed her breasts, and put his mouth on her breasts. She told him to stop "[t]oo many times to count." He also inserted a finger in her vagina. The next day, appellant acted as if nothing had happened.

The victim testified that another time appellant provided her with alcohol but told her he would not "get [her] drunk like [she] was the last time." However, she did get intoxicated again. This time, appellant turned on a sexually graphic movie, and she went to her bedroom. Appellant touched her breasts with his hands and with his mouth. He also touched her vagina with his mouth.

The victim described a third time when appellant gave her a Mike's Hard Liquor Lemonade. She drank half of it. When appellant put his hand on her breast, she hit him in the chest and told him to stop. The victim stated that she felt it helped that she was not "slobbering drunk."

At the punishment phase of the trial, the State asked the victim's sister, her mother, and the victim what they "would like to see happen" either "in this case" or "to" appellant. Appellant only objected when the sister was asked. The sister testified that she would like appellant to get the most punishment and go away for a long time. The mother testified that she wanted him in jail for the rest of his life. The victim testified that she would like to see appellant put away for as long as possible.

The State contends that appellant has either failed to preserve error by failing to object to the mother's and the victim's testimony or has rendered any error harmless by failing to object. We agree. *See Leday v. State*, 983 S.W.2d 713, 715-18 (Tex. Crim. App. 1998) (distinguishing the rule of harmless error, waiver, and the common-law doctrine of curative admissibility); *Jones v. State*, 843 S.W.2d 487, 493 (Tex. Crim. App. 1992). The sole issue is overruled in each case.

The judgments of the trial court are affirmed.

TERRY McCALL

JUSTICE

December 9, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.